UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 5:07-cv-360-Oc-10 GRJ

CLARA M. LORD and
KENNY LORD, her husband,

Plaintiffs,

v.

DAVOL, INC., a Rhode Island Corporation
for profit and C.R. BARD, INC.,
a New Jersey Corporation for profit,

Defendants.
_______________________________________/

FILED
9/4/07
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

## COMPLAINT FOR DAMAGES

Plaintiffs, CLARA M. LORD and KENNY LORD, sue Defendants, DAVOL, INC., a Rhode Island Corporation for Profit and C.R. BARD, INC., a New Jersey Corporation for Profit, and allege:

### *Parties*

1. At all times material, Plaintiffs, CLARA M. LORD and KENNY LORD, were and are citizens of Lake County, Florida.

2. Defendant, DAVOL, INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL conducts business throughout the United States and further is registered to do business in the state of Florida, directly and

indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

3. Defendant, C. R. BARD, INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

***Jurisdiction and Venue***

4. The matter in controversy exceeds $75.000, exclusive of interest and costs, as specified by 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as Plaintiff obtained, purchased and used the Kugel Patch that forms the basis of this lawsuit in this Middle Federal District of Florida; at all relevant times, Plaintiff resided within this District; the injury sued upon occurred in this District; and Defendants marketed, advertised, sold and distributed the Kugel Patch in this District.

***Facts***

6. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into CLARA M. LORD'S body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into CLARA M. LORD'S body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

9. On or about February 20, 2003, CLARA M. LORD underwent surgery at South Lake Hospital in Lake County, Florida, to repair a ventral hernia. A 8" x 10" Kugel Patch was used to repair the hernia.

10. The Kugel Patch hernia repair product implanted in CLARA M. LORD was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice. Subsequent Class I recalls occurred on March 31, 2006, and January 24, 2007.

12. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health

13. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On or about October 3, 2006, CLARA M. LORD underwent an exploratory laparotomy with removal of the Kugel Patch.

15. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

16. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

17. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

18. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

### *COUNT I*
### *Negligence*

CLARA M. LORD re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

19. Defendants DAVOL and BARD were negligent to CLARA M. LORD in the following respects:

20. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label. distribute, market, examine. maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

21. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured. tested, inspected, packaged, labeled. distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

22. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test. inspected, failed to inspect, packaged. labeled,

distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

23. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of CLARA M. LORD.

24. Defendants DAVOL and BARD owed a duty to CLARA M. LORD to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

25. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

26. As a direct and proximate result of the duties breached, the Kugel Patch used in CLARA M. LORD's hernia repair surgery failed, causing CLARA M. LORD bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature,

and Plaintiff will suffer these losses in the future.

**WHEREFORE**, CLARA M. LORD sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

***COUNT II***
***Strict Product Liability***

CLARA M. LORD re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

27. Defendants DAVOL and BARD are strictly liable to CLARA M. LORD in the following respects:

28. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

29. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. CLARA M. LORD's Kugel Patch was a Class I recalled device that failed while in his body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Kugel Patch.

30. At all times material, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

31. The Kugel Patch implanted into CLARA M. LORD was being used in a manner reasonably anticipated at the time it was implanted in her by his surgeon.

32. The Kugel Patches, like the one found in CLARA M. LORD, at the time

they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to CLARA M. LORD as follows:

i. The Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Kugel Patch as designed and manufactured was unsafe to CLARA M. LORD;

iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to CLARA M. LORD;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like CLARA M. LORD, would expect;

v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

33. As a direct and proximate result, the Kugel Patch used in CLARA M. LORD's hernia repair surgery failed, causing CLARA M. LORD bodily injury and

resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, CLARA M. LORD sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

***COUNT III***
***<u>Breach of Implied Warranty</u>***

CLARA M. LORD re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

34. Defendants DAVOL and BARD are liable to CLARA M. LORD for their breach of implied warranty in the following respect:

35. DAVOL and BARD sold the Kugel Patch which was implanted in CLARA M. LORD. DAVOL and BARD impliedly warranted to CLARA M. LORD, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

36. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

37. CLARA M. LORD, her physicians and health care providers reasonably

relied on DAVOL's and BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

38. When the Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

**WHEREFORE**, CLARA M. LORD sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

### *COUNT IV*
### ***Florida's Deceptive & Unfair Trade Practices Act ("FDUTPA")***

CLARA M. LORD re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

39. DAVOL and BARD's actions are deceptive and in clear violation of FDUTPA, entitling CLARA M. LORD to damages and relief under Fla. Stat. §§ 501.201-213.

40. CLARA M. LORD was a consumer within the meaning of FDUTPA, who was deceptively and unlawfully induced to purchase and/or have a Kugel Patch implanted in her body.

41. Florida Statutes, Section 501.204 makes unfair and/or deceptive trade

practices in the conduct of any trade or commerce illegal.

42. Florida Statutes. Section 501.211 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

43. Florida Statutes, Section 501.2105 provides that the prevailing party in litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein from the non prevailing party.

44. Florida Statutes, Section 501.213 provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

45. Florida Statutes, Section 501.203 (3)(c) states that a person has violated the Florida Deceptive and Unfair Trade Practices Act if he violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices."

46. DAVOL and BARD engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce a defective product and/or device which it knew or should have known was defective which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUTPA.

47. DAVOL and BARD's acts constitute unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

48. As a result of DAVOL and BARD's unfair and deceptive trade practices,

in violation of the FDUTPA, CLARA M. LORD is entitled to actual damages resulting from the purchase of the Kugel Patch.

49. As a result of DAVOL and BARD's unfair and deceptive trade practices, in violation of the FDUTPA. CLARA M. LORD is entitled to an award of attorney's fees and court costs, if she prevails.

**WHEREFORE**, CLARA M. LORD sues DAVOL and BARD and demands judgment for actual damages in excess of the minimal jurisdictional limits of this court. prejudgment and post judgment interest as allowed by law, attorney's fees and court costs. and demands trial by jury of all issues so triable.

***COUNT V***
***Loss of Consortium***

KENNY LORD re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-49 as though fully set forth herein.

50. As a further direct and proximate cause of the above-described negligence, Plaintiff, KENNY LORD, has suffered and will continue to suffer for the indefinite future, the loss of his wife's society, services, consortium and support.

**WHEREFORE**, Plaintiff, KENNY LORD, sues DAVOL and BARD and demands judgment for actual damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

DATED this 21st day of August, 2007.

THE ALVAREZ LAW FIRM
Attorneys for the Plaintiff
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075
Email: alex@integrityforjustice.com

BY: ______________________
ALEX ALVAREZ
Florida Bar No. 94634